James G. Carr, Senior United States District Judge
This is a pro se prisoner's civil rights case under 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, et seq.
The plaintiff, Darek Lathan, is a former inmate of the Corrections Center of Northwest Ohio (CCNO), where the United States Marshal Service placed him pending trial in a criminal matter before me. (The Federal Bureau of Prisons has since transferred him to a facility in California so that he can undergo a pretrial psychiatric evaluation.).
Plaintiff alleges that the defendants - CCNO and its agents and employees - engaged in a "pattern of corrupt activity and racketeering" by "distributing a fraudulent rules handbook" to inmates at CCNO and "allow[ing] staff to use deception ... and extortion tactics and sham legal process to steal, and take away commissary from offenders til [sic ] the taken items lose their value." (Doc. 1, PageID 4). According to plaintiff, defendant Sullivan (the executive director of CCNO) "allow[s]" these items "to be construed as CONTRABAN [sic ]" and refuses to file a contraband conduct report, thus "negating the opportunity" for inmates to file an "appeal for taken items." (Id. ).
Plaintiff next alleges that Sullivan "allow[s] personal mail, pictures, [and] letters" that inmates receive "to be taken and construed as contraban [sic ] if the offender violate[s] a rule and [is] placed in lockdown." (Id , PageID 6). Thereafter, Sullivan refuses to file a "contraban [sic ] ticket," which "den[ies] offender his due process" because the inmate cannot challenge *758 the seizure absent the issuance of a conduct report. (Id. ).
Finally, plaintiff alleges that the defendants' practice of selling individual food items at the CCNO commissary that are "clearly labeled 'This unit not labeled for individual retail sale' " constitutes racketeering and extortion. (Id. ).
Plaintiff seeks redress in the form of $25 million in compensatory damages and $25 million in punitive damages. (Id. , PageID 7).
Jurisdiction is proper under 28 U.S.C. § 1331.
Pending are Lathan's motions to proceed in forma pauperis (Doc. 2); to withdraw a second plaintiff named in the complaint, Jamar Johnson, and substitute additional plaintiffs (Doc. 3); to amend the complaint by adding two more plaintiffs (Doc. 4); for summary judgment (Doc. 5); and to expedite the proceedings in this case (Doc. 8).
Standard of Review
The case comes before the court for initial screening of the complaint in accordance with 28 U.S.C. §§ 1915 and 1915A.
"These statutes require the court to dismiss any portion of the complaint that (1) fails to state a claim upon which relief can be granted, or (2) is frivolous." Hill v. Lappin , 630 F.3d 468, 470 (6th Cir. 2010). "A complaint can be frivolous either factually or legally." Id.
"[T]o survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " Id. at 471 (quoting Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ).
"Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief." Id.
"Statutes allowing a complaint to be dismissed as frivolous give 'judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.' " Id. (quoting Neitzke v. Williams , 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ).
"Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept fantastic or delusional factual allegations as true in prisoner complaints that are reviewed for frivolousness." Id. (internal citation and quotation marks omitted).
Discussion
Despite my liberal construction of plaintiff's allegations, I conclude that I must dismiss the complaint under § 1915(e)(2)(B).
A. Plaintiff's Claims Are Implausible and Frivolous
First, plaintiff's allegations regarding the defendants' use of a "sham legal process" to "steal, and take away commissary [items] from offenders til [sic ] the taken items lose their value" is purely conclusory. Plaintiff does not describe the alleged "sham legal process" in any way, nor does he claim that any defendant employed this process to take any of plaintiff's property, whether obtained from the commissary or elsewhere. Nor does plaintiff explain what makes the distributed rules handbook "fraudulent" or how the handbook has any bearing on his claims.
Second, plaintiff's allegations that defendant Sullivan thwarted inmates' ability to *759 challenge this practice are both conclusory and factually frivolous.
For one thing, plaintiff fails to allege any non-conclusory facts tending to show that Sullivan's alleged refusal to file a conduct report prevented or impeded his ability to challenge, via the prison's internal grievance process,[1] the confiscation of his property after he "violate[d] a rule and [was] placed in lockdown" (something that, as just noted, plaintiff does not allege actually happened to him).[2]
For another, plaintiff's complaint in fact alleges that he filed a grievance challenging the very practices that he attacks in his complaint. (Doc. 1, PageID 2) (plaintiff circled the word "Yes" in response to a question asking whether he "present[ed] the facts relating to your complaint in the state prisoner grievance procedure"). Given the admissions in the complaint, as well as the exhibits supporting the pending summary-judgment motion - plaintiff's actual prison grievances challenging defendants' alleged misconduct[3] - plaintiff's allegations that Sullivan's refusal to file a conduct report prevented him from appealing the alleged misconduct is factually frivolous. Hill, supra , 630 F.3d at 471.
Third, plaintiff's apparent RICO claim fails because his allegations that defendants' act of selling individual items of food (single packets of instant oatmeal, for example, and sleeves of dried Hawaiian Punch beverages (Doc. 1, PageID 5; Doc. 5-1, PageID 41-42)) amounts to racketeering are implausible.
RICO defines "racketeering activity" as, inter alia , "any act or threat involving ... extortion[.]" 18 U.S.C. § 1961(1)(A). "[T]o properly claim acts of extortion ... the plaintiff[ ] must allege facts and circumstances that show (1) that the defendants obtained the [plaintiff's] property (2) through the wrongful use of (3) threats or fear of physical or economic harm." Heinrich v. Waiting Angels Adoption Servs., Inc. , 668 F.3d 393, 407 (6th Cir. 2012).
There are no allegations here that defendants obtained plaintiff's property through the wrongful use of threats or fear of physical or economic harm. (Doc. 1, PageID 6). On the contrary, the complaint suggests that plaintiff's use of the commissary to obtain food was a voluntary transaction on his part. Nor does the complaint support a conclusion, let alone a plausible one, that the defendants' sale of individual food packets, despite a label on those packets explaining that they are not "labeled for individual sale," amounts to extortion (or any other form of racketeering). Cf. Mize v. Woosley , 2010 WL 4323073, *2 (W.D. Ky. 2010) ("Prisoners do not have any constitutionally protected right to ... make purchases from the commissary.").
For these reasons, I will dismiss plaintiff's claims as implausible and factually frivolous under § 1915(e)(2)(B).
B. Claims Against Defendants Other than Sullivan
Plaintiff's claims against defendants CCNO, John Davis, Beth Miller, and C. Kuckuck suffer from further infirmities.
*760 "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, supra , 556 U.S. at 676, 129 S.Ct. 1937.
There are no allegations in the complaint connecting CCNO itself, Davis, Miller, or Kuckuck to any of the alleged violations of plaintiff's rights. Rather, the complaint pins the blame for the alleged violations on defendant Sullivan alone. Because plaintiff has not pleaded that these defendants engaged in the alleged misconduct, his complaint does not state any claims against them.
C. Plaintiff's Motions
Plaintiff has moved to withdraw the second named plaintiff in this action, Jamar Johnson. (Doc. 3). He explains that, although Johnson told him that the defendants had treated him similarly as they had plaintiff, plaintiff's subsequent investigation of Johnson's claims established that Johnson was lying. (Id. , PageID 23). I will grant this motion.
Plaintiff also moves to add three additional plaintiffs to the case. (Docs. 3, 4). I will deny these motions, however, because my ruling that plaintiff's claims are implausible and frivolous means that these proposed parties, who allegedly experienced the same misconduct as plaintiff, would not have any viable claims.
Finally, I will deny plaintiff's motions for summary judgment and to expedite further proceedings in the case as moot, given my ruling that the complaint cannot survive initial screening under § 1915.
Conclusion
It is, therefore,
ORDERED THAT:
1. Plaintiff's motion to proceed in forma pauperis (Doc. 2) be, and the same hereby is, granted.
2. Plaintiff's complaint (Doc. 1) be, and the same hereby is, dismissed with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B).
3. Plaintiff's motion to withdraw a co-plaintiff and add additional plaintiffs (Doc. 3) be, and the same hereby is, granted in part and denied in part. The request to withdraw plaintiff Johnson is granted, and the request to add additional plaintiffs is denied as moot.
4. Plaintiff's motions to amend the complaint to add additional plaintiffs (Doc. 4), for summary judgment (Doc. 5), and to expedite further proceedings (Doc. 8) be, and the same hereby are, denied as moot.
5. An appeal from this decision would be frivolous and in bad faith, and, in accordance with 28 U.S.C. § 1915(a)(3), no appeal may be taken absent prepayment of the filing fee.
So ordered.

Plaintiff acknowledges that CCNO maintains a "prisoner grievance procedure[.]" (Doc. 1, PageID 2).

Although I do not read plaintiff's complaint to challenge NCOO's practice of denying prisoners access to their property during a lockdown, a constitutional challenge to that practice would be meritless. E.g., Williams v. Pratt , 2005 WL 1923594, *3 (W.D. Mich. 2005) ("it unquestionably is reasonable for the prison to place limitations on the possession of personal property for those offenders" placed in segregation).

These documents also establish that defendant Sullivan sustained at least one of plaintiff's grievances and returned certain confiscated items to him. (Doc. 5-1, PageID 34).